**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CYBERGUN, S.A., a French Corporation, and FN HERSTAL, S.A., a Belgian Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> JAG PRECISION, a California Corporation, <br><br> Defendant. | CASE NO. 2:12-cv-00074- KJD-GWF <br><br> **TEMPORARY RESTRAINING ORDER** |

    The Court has considered the merits of the Motion for Temporary Restraining Order filed by Plaintiffs Cybergun, S.A. ("Cybergun") and FN Herstal, S.A. ("FNH") and finds that Plaintiffs have demonstrated a reasonable likelihood of success with respect to their claims of trade dress and copyright infringement against Defendant Jag Precision ("Jag"), whose accused airsoft rifles are nearly identical to the proprietary SCAR design owned by Plaintiffs. The Court also finds that Plaintiffs risk serious irreparable harm if Jag is not immediately enjoined from selling and marketing the accused rifles at this year's SHOT Show and thereafter. Finally, the Court finds that Jag has been given notice of its accused conduct and of Plaintiff's Motion for Temporary Restraining Order. Accordingly, the Court hereby GRANTS Plaintiffs' Motion and enters the following temporary restraining Order against Jag:

    Defendant Jag Precision, including all officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting, or acting in concert or active participation therewith, are hereby enjoined from making, using, selling, and offering to sell the knockoff products, including the Vega Force MK16 products, the Vega Force MK17 products, the Echo 1 ASC products, and the Echo 1 ASC-H products, or any other product that is the substantial equivalent to the knockoff products in overall design and appearance, regardless of whatever "version" or name Defendants may use to sell such products (hereafter "infringing SCAR products"). Defendant Jag Precision is hereby ordered to (a) immediately ceases all sales of the infringing SCAR products, (b) contact its customers and instruct them to stop their sales of the infringing SCAR products and return all such products to Defendant, and (c) stop all advertising,

including all Internet advertising, that depict, promote, or otherwise mention the SCAR knockoff products.

IT IS THE ORDER OF THE COURT that Plaintiffs shall post a bond of $10,000.00 in accordance with Federal Rule of Civil Procedure 65(c).

**IT IS THE ORDER OF THE COURT** that a hearing on the motion for preliminary injunction is set for 2/1/2012 @ 9:00 a.m. in Courtroom 6D at the Lloyd D. George Unites States Federal Courthouse, 333 Las Vegas Blvd. South, Las Vegas, NV 891001.

**IT IS FURTHER ORDERED** that the Court sets the following briefing schedule relating to Plaintiff's motion for preliminary injunction:

(a) Defendants shall file and serve responses in opposition, if any, no later than January 27, 2012:   ;

(b) Plaintiff shall file and serve its reply brief, if any no later than January 30, 2012.

IT IS SO ORDERED.

JANUARY 18, 2012.

_____
UNITED STATES DISTRICT JUDGE

2