# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CYBERGUN, S.A., *et al.*,

    Plaintiffs,

v.

JAG PRECISION, *et al.*,

    Defendants.

Case No. 2:12-CV-00074-KJD-GWF

**ORDER**

    The Court has considered the merits of the Motion for Temporary Restraining Order/Preliminary Injunction filed by Plaintiffs Cybergun, S.A. ("Cybergun") and FN Herstal, S.A. ("FNH") and finds that Plaintiffs have demonstrated a reasonable likelihood of success with respect to their claims of trade dress and copyright infringement against Defendant Jag Precision ("Jag"), whose accused air soft rifles are nearly identical to the proprietary SCAR design owned by Plaintiffs. The Court also finds that Plaintiffs risk serious irreparable harm if Jag is not preliminarily enjoined from selling and marketing the accused rifles and that the injunction will not disserve the public interest. Plaintiffs have met their burden for preliminary injunctive relief under both the traditional and alternative tests of the Ninth Circuit. Accordingly, the Court hereby GRANTS Plaintiffs' Motion and enters the following Preliminary Injunction against Jag:

Defendant Jag Precision, including all officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting, or acting in concert or active participation therewith, are hereby enjoined from making, using, selling, and offering to sell the knockoff products, including the Vega Force MK16 products, the Vega Force MK17 products, the Echo 1 ASC products, and the Echo 1 ASC-H products, or any other product that is the substantial equivalent to the knockoff products in overall design and appearance, regardless of whatever "version" or name Defendants may use to sell such products (hereafter "infringing SCAR products"). Defendant Jag Precision is hereby ordered to (a) immediately cease all sales of the infringing SCAR products, (b) contact its customers and instruct them to stop their sales of the infringing SCAR products and return all such products to Defendant, and (c) stop all advertising, including all Internet advertising, that depict, promote, or otherwise mention the SCAR knockoff products.

This preliminary injunction shall remain in effect until this matter proceeds to trial, and the Court has the opportunity to rule on the issuance of a permanent injunction.

The $10,000.00 cash bond Plaintiffs posted in connection with the temporary restraining order shall be adequate security for the preliminary injunction.

DATED this 1st day of February 2012.

_____
Kent J. Dawson
United States District Judge