1

2

3

4              **UNITED STATES DISTRICT COURT**

5              **DISTRICT OF NEVADA**

6

7   CYBERGUN S.A., a French corporation, and          )
    FN HERSTAL, S.A., a Belgian corporation,          )

8                                                     )
                    Plaintiffs,                       )     Case No.  2:12-cv-00074-APG-GWF

9                                                     )
    vs.                                               )     **ORDER**

10                                                    )
    JAG PRECISION, INC., a California corporation,    )     Application for Fees (#88)

11                                                    )
                    Defendant.                        )

12  _____          )

13          This matter comes before the Court on Plaintiffs' Application for Fees and Costs (#88),

14  filed on July 24, 2013.  Defendant filed an Opposition (#91) on August 7, 2013.  Plaintiffs filed a

15  Reply (#95) on August 14, 2013.

16                      **BACKGROUND AND DISCUSSION**

17          Plaintiffs filed a Motion to Compel (#75), which the Court granted in part and denied in

18  part at the July 9, 2013 hearing on the Motion. *See Minutes of Proceedings, Doc. #82*.  The Court

19  subsequently ordered Plaintiffs to submit the instant Application for Fees associated with bringing

20  the Motion to Compel. *See July 10, 2013 Order, Doc. #83*.

21          Reasonable attorneys' fees must "be calculated according to the prevailing market rates in

22  the relevant community," considering the fees charged by "lawyers of reasonably comparable skill,

23  experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984).  Courts typically

24  use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115,

25  1119 (9th Cir. 2000).  First, the Court must calculate the lodestar amount "by taking the number of

26  hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.*

27  Furthermore, other factors should be taken into consideration such as special skill, experience of

28  counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir.

1    1996).  "The party seeking an award of fees should submit evidence supporting the hours worked

2    and rates claimed," and "[w]here the documentation of hours is inadequate, the district court may

3    reduce the award accordingly."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Second, the

4    Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward

5    using a multiplier based on factors not subsumed in the initial calculation of the lodestar."  *Van*

6    *Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

7            Plaintiffs represent that two partners, Brett Foster, Esq. and Mark Miller, Esq., and one

8    associate, Richard Jackson, Esq., worked on the Motion to Compel.  Plaintiffs submit hourly rates

9    of $410.00 for Mr. Foster, $355.00 for Mr. Miller, and $295.00 for Mr. Jackson.  Plaintiffs seek

10   $9,005.00 for time spent on meet-and-confer, $21,802.00 for briefing the Motion, $7,615.00 for

11   preparing for and attending the hearing, and $5,000.00 for preparing the instant Application, for a

12   total of $43,422.00.  As a preliminary matter, the Court finds that hourly rates of $350.00 for Mr.

13   Foster and Mr. Miller and $250.00 for Mr. Jackson are commensurate with their skill, experience,

14   and reputation.  Furthermore, the Court will award only those fees associated with bringing the

15   Motion to Compel, and will exclude the bills for the meet-and-confer efforts and for preparing the

16   Application for Fees.

17           Upon review and analysis of the submitted bills, *Doc. #88, Exh. ##1-8*, the Court calculates

18   that Mr. Jackson spent 31.6 hours researching and drafting the Motion to Compel, including

19   incorporating edits from Mr. Foster.  The Court excluded time for "coordinating" the drafting of the

20   Motion with Mr. Foster, *see, e.g. Doc. #88, Exh. 6* at 5, as well as the time for "prepar[ing]

21   argument" on the Motion, *see id.*  The Court also excluded time for preparing an alternative motion

22   to exclude.  *See id., Exh. 7* at 2.  The Court calculates Mr. Jackson spent 1.2 hours reviewing

23   Defendant's Response (#78), and 6 hours drafting Plaintiffs' Reply (#80), including incorporating

24   edits from Mr. Foster.  Mr. Foster spent 4.4 hours reviewing and editing both the Motion to

25   Compel and the Reply.  The Court excluded the 8.2 hours Mr. Miller billed reviewing the Reply as

26   duplicative of Mr. Foster's review of same.  *See id., Exh. 8.*  Finally, the Court will award Mr.

27   Miller's fees for the time spent attending the hearing, 0.8 hours*, see Minutes of Proceedings, Doc.*

28   *#82*, but will not include fees for travel expenses.

**CONCLUSION**

The Court will award fees for the 38.8 hours Mr. Jackson spent preparing the Motion to Compel, reviewing Defendant's Response, and preparing the Reply at an hourly rate of $250.00. The Court will award fees for the 4.4 hours Mr. Foster spent reviewing Mr. Jackson's drafts at an hourly rate of $350.00. The Court will award fees for the 0.8 hours Mr. Miller spent attending the July 9, 2013 hearing at an hourly rate of $350.00. Accordingly,

**IT IS HEREBY ORDERED** that Defendant shall pay Plaintiffs $11,520.00 in attorneys' fees within 21 days of the date of this Order.

DATED this 2nd day of December, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge