UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CYBERGUN S.A., a French Corporation, and FN HERSTAL, S.A., a Belgian Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JAG PRECISION, a California Corporation,<br><br>Defendants. | Case No. 2:12-cv-00074-APG-GWF<br><br>**Order Granting Voluntary Motion to Dismiss**<br><br>[Dkt. #116] |

Plaintiffs Cybergun S.A. and FN Herstal, S.A. (collectively "Cybergun") seek to voluntarily dismiss, with prejudice, their First Cause of Action for Design Patent Infringement, and Sixth Cause of Action for Copyright Infringement as stated in their First Amended Complaint. Because dismissal will not prejudice Defendant Jag Precision, I grant Cybergun's motion.

The parties are well aware of the relevant facts. In ruling on a motion for voluntary dismissal, I must consider whether dismissal of the claims will result in some "plain legal prejudice" to Jag.[1] Jag argues it will be prejudiced by dismissal. Jag first cites to *Terrovona v. Kincheloe*,[2] arguing that dismissal is inappropriate because Cybergun's motion is an improper attempt to avoid a decision on the merits.[3] But *Terrovona* addressed the very different situation

---

[1] *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) ("We conclude that legal prejudice is just that—prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice.").

[2] 852 F.2d 424, 429 (9th Cir. 1988).

[3] [Dkt. #117 at 2]

where a plaintiff seeks to voluntarily dismiss claims that are the subject of a pending summary judgment motion.[4]

Jag also argues dismissal could prejudice its right to pursue its counterclaims for invalidity, or its right to collect fees, costs or sanctions.[5] Cybergun disagrees, but does not provide any authority suggesting Jag should be foreclosed from moving for relief on its counterclaims or claims for fees, costs, or sanctions.

Dismissing Cybergun's causes of action and narrowing the issues for trial is appropriate under the circumstances of this case. But I condition the dismissals on my holding that Jag is permitted to pursue its counterclaims, and to seek to recover fees, costs, and sanctions.[6] Whether it ultimately is successful on those efforts is for another day.

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion for Voluntary Dismissal of the First and Sixth Causes of Action in the Amended Complaint (Dkt. #116) is **GRANTED** with the conditions that Defendant is permitted to pursue its counterclaims of patent and copyright invalidity, and that Defendant is permitted to seek fees, costs, and sanctions.

DATED this 26th day of September, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[4] *Terrovona,* 852 F.2d at 429.

[5] [Dkt. #117 at 9.]

[6] Federal Rule of Civil Procedure 41 allows the court to attach conditions to the dismissal to prevent prejudice to the defendant. *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir. 1982).