**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CYBERGUN, S.A., a French Corporation, and FN HERSTAL, S.A., a Belgian Corporation, <br><br>Plaintiffs,<br><br>v.<br><br>JAG PRECISION, a California Corporation.<br><br>Defendant. | Case No. 2:12-cv-00074-APG-GWF<br><br>**ORDER DENYING PLAINTIFFS' MOTION IN *LIMINE*** <br><br>(Dkt. #159) |

In this intellectual property case, plaintiffs assert trade dress rights in the overall design and appearance of three of their popular firearms: the SCAR, P90, and M249 weapons. Plaintiffs allege their trade dress rights are infringed by defendant Jag Precision, which sells airsoft gun replicas of those weapons.

To prove infringement, plaintiffs must establish that their trade dress is nonfunctional. As part of its defense, Jag has designated a firearm functionality expert, Howard Kent.[1] On July 29, 2013, Jag served Mr. Kent's report.[2] Plaintiffs now move in *limine* to exclude Mr. Kent's testimony on three grounds: (1) Mr. Kent misapplied the law, (2) Mr. Kent failed to consider key evidence during his analysis, and (3) functionality experts are unusual and not helpful in trade dress disputes. None of plaintiffs' grounds warrant excluding Jag's expert. Mr. Kent's testimony likely will be helpful to the jury, and it is grounded in sufficient facts. Plaintiffs' motion to exclude is denied.

---

[1] Mr. Kent has extensive experience in the firearm industry. He is a listed inventor on firearm-related patents and has experience as a firearm consultant. (Dkt. #135-21, at 33-35.)

[2] (Dkt. #135-21, at 46.)

## I. LEGAL STANDARD – EXPERT TESTIMONY

Federal Rule of Evidence 702 requires expert testimony to be both relevant and reliable.[3] Reliable expert testimony is grounded in sound methodology and sufficient facts.[4] The Supreme Court has provided a number of factors to consider when determining whether expert testimony is based on proper methodology.[5] But these factors are most relevant to scientific testimony and are not necessarily "pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony."[6]

Expert testimony need only be relevant, it "need not establish every element that the plaintiff must prove . . . in order to be admissible."[7] Ultimately, I have "discretion to decide how to test an expert's reliability as well as whether the testimony is reliable . . . based on the particular circumstances of the particular case."[8] "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion."[9]

## II. DISCUSSION

Plaintiffs argue Jag's expert, Mr. Kent, should be excluded for three reasons: (1) Mr. Kent improperly applied the law in his expert report, (2) he failed to consider critical evidence in

---

[3] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999); Fed.R.Evid. 702.

[4] *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589 (1993).

[5] *See Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

[6] *Id.; Primiano v. Cook*, 598 F.3d 558, 563 (9th Cir. 2010), as amended (Apr. 27, 2010) (citations omitted).

[7] *Primiano*, 598 F.3d at 563.

[8] *Id.*

[9] *Daubert,* 509 U.S. at 592 n.10.

reaching his expert opinion, and (3) expert testimony on functionality is inappropriate and unhelpful to the jury.

**A.    Mr. Kent's allegedly improper "dissection" of plaintiffs' trade dress**

Plaintiffs claim as trade dress the overall design and appearance of the SCAR, P90 and M249 weapons.[10] "The physical details and design of a product may be protected under the trademark laws only if they are nonfunctional."[11] If a product was assembled or configured in a certain way because it works better in that shape or configuration, the overall design is functional. That a product happens to serve a function is not enough—its specific design must serve a function, also referred to as *de jure* functionality.[12]

Some cases counsel against dissecting trade dress into its individual features during the functionality analysis because a person can use functional components within a nonfunctional, and thus protectable, design.[13] A chair, table, and lamp are functional; each is in its shape and design to serve a purpose. For example, a chair's width and height is likely dictated by functional considerations, such as the size and shape of potential sitters. But a restaurant owner's arbitrary arrangement of chairs, tables, and lamps in a distinctive pattern is a design that serves no function.[14] This overall nonfunctional design, which happens to incorporate functional components, may be protectable trade dress.

In product design cases, however, the argument against dissection is less compelling. Courts frequently consider the nature of individual features in order to determine whether a

---

[10] (Dkt. # 28.)

[11] *Leatherman Tool Grp., Inc. v. Cooper Indus., Inc.,* 199 F.3d 1009, 1011 (9th Cir. 1999) (citation omitted).

[12] *Id.*

[13] *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001).

[14] *Id.*

product's overall configuration or appearance is nonfunctional.[15] This is because the nature of a product's individual features may be probative of whether the product's overall design and appearance is functional. It may be that individual pieces of the puzzle fit together only in one way. For example, engineering considerations may influence a product's overall configuration or design. Where the external features of a scrapbook were shaped to work in sync with a special hinge, the Sixth Circuit found the overall design to be functional.[16] The nature of individual features also may reveal that a product's overall design is merely an assemblage of functional parts with little arbitrary design to protect. Where the shape of each external feature of a cutting tool was dictated by functional considerations, such as fitting comfortably in the user's hand, the Ninth Circuit found the tool's overall appearance and configuration to be functional.[17] Similarly, the Court found that a pocket knife's overall appearance was functional because "every physical part of the" tool was in its shape for functional reasons.[18] Finally, despite that an industrial hoist was assembled to evoke a distinctive "cubist" design, the Ninth Circuit found its overall appearance to be functional because it was merely an assemblage of functional parts.[19]

Plaintiffs argue that Mr. Kent improperly dissected the asserted trade dress in his expert report, opining on the functionality of individual components rather than on the functionality of the firearms' "overall" configurations. Plaintiffs' arguments fail for at least two reasons. First,

---

[15] *Secalt S.A. v. Wuxi Shenxi Const. Mach. Co.,* 668 F.3d 677, 683 (9th Cir. 2012) (considering evidence of functionality of individual features to determine whether overall configuration and appearance was nonfunctional); *Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 785 (9th Cir. 2002) (same).

[16] *Antioch Co. v. W. Trimming Corp.,* 347 F.3d 150, 158 (6th Cir. 2003).

[17] *Tie Tech, Inc. v. Kinedyne Corp.,* 296 F.3d 778, 786 (9th Cir. 2002).

[18] *Leatherman Tool Grp., Inc. v. Cooper Indus., Inc.,* 199 F.3d 1009, 1012 (9th Cir. 1999).

[19] *Secalt S.A. ,*668 F.3d at 683 ("Since at least some (and in this case significant) utilitarian advantage stems from the visual appearance, the presumption of functionality remains intact.").

Mr. Kent indeed opined on the functionality of the asserted trade dress as a whole multiple times.[20] Second, in product design cases, evidence of an individual component's functionality may be probative of whether the overall configuration of components is nonfunctional. Mr. Kent's testimony related to individual components, as well as to the overall configuration or assembly of those components, is appropriate.[21]

### B. Mr. Kent's alleged failure to consider critical evidence

Plaintiffs next contend that Mr. Kent's testimony cannot be reliable because he reached his conclusions without considering key evidence—namely, the depositions of plaintiffs' employees.[22] I find Mr. Kent's opinion has sufficient factual underpinnings.

Mr. Kent bases his expert testimony on his extensive knowledge about how gun components function, how components are designed to function, and how these components are assembled. Specifically, his testimony is based on (1) plaintiffs' Amended Complaint and exhibits, (2) the Declaration of David En, (3) Mr. Kent's previously-filed Declaration and exhibits, (4) "the designs of the M249, P90, and SCAR firearms . . . including each individual component as well as the overall design," and (5) Mr. Kent's "personal knowledge of the M249, P90, and SCAR firearms."[23]

Plaintiffs fail to explain why Mr. Kent must consider plaintiffs' depositions in order to render an accurate or reliable opinion about whether firearm designs are functional. Plaintiffs argue that their deposition evidence "leaves no material issue of fact on . . . nonfunctionality."

---

[20] *See, e.g.,* (Dkt. #160-1, at 14.)

[21] Plaintiffs also urge me to exclude Mr. Kent because he failed to opine on other functionality factors, such as what constitutes the benefit the consumer wishes to purchase. But expert testimony "need not establish every element that the plaintiff must prove . . . in order to be admissible." *Primiano*, 598 F.3d at 563.

[22] (Dkt. #159, at 6.)

[23] (*Id.*)

Plaintiffs' employees have testified, often in a conclusory manner, that plaintiffs' firearms are "distinct" or ornamental in their "overall design."[24]  But plaintiffs have not explained how those depositions render Mr. Kent unable to offer accurate and reliable opinions on functionality. Plaintiffs point to no omitted evidence or facts that would preclude Mr. Kent's ability to determine whether plaintiffs' firearm designs are functional.  And the cases plaintiffs cite are inapposite.[25]  Plaintiffs may attempt to impeach Mr. Kent based on what he did or did not consider in reaching his opinions, but that does not render his opinions inadmissible.

### C.     The appropriateness of expert testimony on functionality

Plaintiffs conclude by arguing Mr. Kent should be excluded because expert functionality testimony is not typical in the Ninth Circuit.  Plaintiffs point out that they have not retained an expert, and that there are few cases addressing whether functionality experts are useful in trade dress disputes.  These are not reasons to exclude evidence under the Federal Rules, which counsel admittance when testimony is sufficiently reliable and will assist the jury.[26]  Plaintiffs fail to cite any authority suggesting expert testimony on functionality is unhelpful to the jury or otherwise

---

[24] For example, plaintiffs cite to one of their employees' statements that "the entire combination of features, exactly as FNH has arranged them, is not functional . . . the way a gun looks will be – will have nothing to do with the function."  (Dkt. #197, at 11.)  But plaintiffs fail to explain why Mr. Kent would need to consider such a conclusory statement, or how Mr. Kent should have used such testimony in his analysis.

[25] For example, in *Barber v. United Airlines, Inc.*, 17 F. App'x 433, 437 (7th Cir. 2001) (unpublished), evidence showed that an expert affirmatively rejected data that contradicted his opinion.  There are no similar allegations here, and plaintiffs have not pointed to any specific data Mr. Kent should have considered.  In any event, the *Daubert* issue was not challenged on appeal in *Barber*.  Similarly, in In re Fresh Del Monte Pineapples Antitrust Litig., No. 04-MD-1628RMBMHD, 2009 WL 3241401, at *8 (S.D.N.Y. Sept. 30, 2009), expert testimony was questionable because the expert ignored specific data that was highly relevant to the complex antitrust analysis he was conducting.  Fundamental to the Court's findings was an initial determination that the omitted facts were *material*—something plaintiffs have failed to show here. *Id.*

[26] Federal Rule of Evidence 702 provides for the liberal admission of expert testimony regarding factual matters. *United States v. Brodie*, 858 F.2d 492, 496 (9th Cir.1988).

inappropriate. Courts have admitted expert testimony on functionality in the past without incident.[27] It appears that Mr. Kent's testimony on the functionality of the various external components in the asserted trade dress, as well as their overall assembly and configuration, will assist the jury and is sufficiently reliable.

## III. CONCLUSION

IT IS THEREFORE ORDERED that plaintiffs' motion in *limine* to exclude Jag's expert (Dkt. #159) is DENIED.

DATED this 19th day of December, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[27] *See, e.g., Kehoe Component Sales Inc. v. Best Lighting Products, Inc.,* 933 F. Supp. 2d 974, 1013 (S.D. Ohio 2013)*; Keystone Mfg. Co. v. Jaccard Corp.,* No. 03-CV-648S, 2007 WL 655758, at *2 (W.D.N.Y. Feb. 26, 2007).