**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CYBERGUN, S.A., a French Corporation, and FN HERSTAL, S.A., a Belgian Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JAG PRECISION, a California Corporation.<br><br>Defendant. | Case No. 2:12-cv-00074-APG-GWF<br><br>**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>(Dkt. #130) |

  Plaintiff Cybergun, S.A. and defendant Jag Precision are competing sellers of airsoft guns—replica firearms that shoot plastic BBs instead of lead bullets.  In 2010, Cybergun negotiated an intellectual property license with plaintiff FN Herstal, S.A., a well-established firearm designer and manufacturer.  The license made Cybergun the only airsoft seller authorized to make and sell replicas of FN Herstal's popular firearm designs.  In 2012, plaintiffs discovered Jag was selling unlicensed replicas of FN Herstal's designs, and sued under various intellectual property theories.

  In its Answer, Jag asserts defenses of laches and statute of limitations.  Plaintiffs now move for summary judgment on both defenses.  Plaintiffs argue they are not barred by laches because they were unaware of Jag's infringement until four months before filing their lawsuit, such a brief delay is reasonable, and in any event Jag was not prejudiced.  Plaintiffs argue there is no statute of limitations violation because they sued within the four-year period applicable to trademark-related claims.  Jag counters that FN Herstal had constructive notice of Jag's alleged infringement in 2006, and that plaintiffs' delay was unreasonable and prejudicial.

  Jag's lack of evidentiary support for its prejudice argument warrants entry of summary judgment on its laches defense.  But there are triable issues as to when plaintiffs had notice of Jag's alleged infringement, so I deny summary judgment on Jag's statute of limitations defense.

## I.     **BACKGROUND**

Various companies have manufactured and sold airsoft replicas of FN Herstal's firearms since 2006.[1] Jag began selling such replicas in 2007.[2] FN Herstal, a firearm designer and manufacturer, has never sold airsoft guns itself.[3]

In 2006, Cybergun and FN Herstal discussed a potential license authorizing Cybergun to manufacture and sell replicas of FN Herstal's firearm designs.[4] The license was ultimately signed in June, 2010.[5] In May of 2010, Cybergun acquired another airsoft company, Spartan Imports. Spartan had previously sold to Jag airsoft replicas of FN Herstal's firearms. Cybergun alleges that it first learned of Jag's existence during its acquisition of Spartan.[6]

In August, 2010, Cybergun demanded that Jag cease any infringement of FN Herstal's firearm designs.[7] Jag requested more detailed information about Cybergun's allegations, but Cybergun did not respond.[8] Cybergun alleges that in September of 2011, it first learned that Jag was selling airsoft replicas of FN Herstal's SCAR firearm.[9] Cybergun again wrote to Jag, this time specifically demanding that Jag cease selling any airsoft replica of the SCAR firearm.[10] On

---

[1] (Dkt. #135-14, at 4-7.)
[2] (*Id.*)
[3] (Dkt. #135-15, at 7-8.)
[4] (Dkt. #135-16, at 23-27.)
[5] (Dkt. #130, at 5.)
[6] (*Id.*)
[7] (*Id.*)
[8] (Dkt. 18-1, at ¶ 18.)
[9] (Dkt, #130, at 5-7.)
[10] (*Id.*)

January 17, 2012, several months after sending its second cease and desist letter, plaintiffs filed their complaint against Jag.[11]

## II. LEGAL STANDARD - SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[12] For summary judgment purposes, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[13]

If the moving party demonstrates the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[14] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[15] He "must produce specific evidence, through affidavits or admissible discovery material, to show" a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[16]

A party seeking to either support or refute the assertion of a fact in a summary judgment context must do so with admissible evidence.[17] As the summary judgment procedure is the pretrial functional equivalent of a directed-verdict motion, it requires consideration of the same

---

[11] (Dkt. #1.)

[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[13] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[14] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[15] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

[16] *Bhan v. NME Hosps.*, Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[17] Fed. R. Civ. Proc. 56(c)(1); *Orr*, 285 F.3d at 773; *Harris v. Graham Enterprises, Inc.*, 2009 WL 648899, at *2 (D. Ariz. Mar. 10, 2009).

caliber of evidence that would be admitted at trial;[18] thus, it is insufficient for a litigant to merely attach a document to a summary judgment motion or opposition without affirmatively demonstrating its authenticity.

### III.    DISCUSSION

#### A.    Laches

Laches is an equitable defense to trademark claims. The defense "embodies the principle that a plaintiff cannot sit on the knowledge that another company is using its trademark, and then later come forward and seek to enforce its rights."[19]  Laches will bar a claim only if a defendant can prove both: (1) plaintiff unreasonably delayed filing suit, and (2) the defendant was prejudiced.[20]

Even if I assume plaintiffs unreasonably delayed filing suit, Jag has failed to raise a genuine dispute about whether it was prejudiced.  Jag asserts expectations-based prejudice, which occurs when a defendant "took actions or suffered consequences that it would not have, had the plaintiff brought suit promptly."[21]  Courts have found a defendant prejudiced where it heavily invested in an infringing mark or product after the plaintiff unreasonably delayed suing.[22]  Courts have also found prejudice where the defendant continued its infringing business during plaintiff's

---

[18] *Anderson*, 477 U.S. at 251 (citing *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n.11 (1983)).

[19] *Internet Specialties W., Inc. v. Milon-DiGiorgio Enterprises, Inc.,* 559 F.3d 985, 989-90 (9th Cir. 2009).

[20] *Jarrow Formulas, Inc. v. Nutrition Now, Inc.,* 304 F.3d 829, 835 (9th Cir.2002).

[21] *Evergreen Safety Council v. RSA Network Inc.,* 697 F.3d 1221, 1227 (9th Cir. 2012) (citations omitted).

[22] *See, e.g., Petrella v. Metro-Goldwyn-Mayer, Inc.,* 695 F.3d 946 (9th Cir. 2012) (reversed on other grounds).

unreasonable delay, thus increasing potential infringement liability.[23]  For example, in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 695 F.3d 946, 954 (9th Cir. 2012), the Ninth Circuit found prejudice because the defendant submitted extensive evidence indicating it had spent $3 million to promote an infringing product, and would not have done so had the plaintiff brought suit earlier.[24]

Jag has failed to provide admissible evidence sufficient to raise a triable issue of fact regarding its alleged prejudice.  Counsel's assertion that Jag "would not have continued selling" infringing products, and that Jag would have "invested its time and money in other areas," is not sufficient.[25]  Counsel's speculation does not create a factual dispute for purposes of summary judgment.[26]  Even setting aside that Jag provides no factual citations in support of its prejudice argument, and reading its entire response and accompanying declaration, I cannot locate any evidence of prejudice save that, sometime after 2006, Jag alleges it bought and sold allegedly infringing airsoft guns, at undisclosed times and in undisclosed quantities.[27]  This is not enough to raise a genuine issue of fact that Jag was prejudiced.[28]  Plaintiffs are entitled to summary judgment on Jag's laches defense.

**B.     Statute of limitations**

There is no specific statute of limitations governing trade dress or trade mark infringement.  Where no limitations period is set forth by federal statute, the general rule is to

---

[23] *See, e.g., Evergreen Safety Council v. RSA Network Inc.,* 697 F.3d 1221, 1227 (9th Cir. 2012).

[24] *Petrella v. Metro-Goldwyn-Mayer, Inc.,* 695 F.3d 946 (9th Cir. 2012) (reversed on other grounds).

[25] (Dkt. #163, at 9-10.); *SecureMed Corp. v. Standard Sec. Life Ins. Co. of N.Y.,* No. CV 05-418-TUC-CKJ, 2006 WL 288388, at *2 (D. Ariz. Feb. 7, 2006).

[26] *Witherow v. Paff*, 52 F.3d 264, 266 (9th Cir.1995).

[27] (Dkt. #163, at 3-4.)

[28] *Witherow*, 52 F.3d at 266 (noting that prejudice is required to assert laches).

borrow from the most analogous state statute of limitations.[29] The parties apparently agree the proper limitations period is four years in this case, borrowing from Nevada's deceptive trade practices act.[30] Unlike laches, statutes of limitations bar liability where the plaintiff has delayed bringing suit for a specified period of time, regardless whether the defendant was prejudiced.[31] The period of delay begins when the plaintiff has actual or constructive knowledge of the defendant's infringement.[32] It ends when the plaintiff files its complaint.[33]

Even if a plaintiff did not acquire actual knowledge of the defendant's activities, the delay period runs from the date when the "plaintiff ought to have discovered defendant's [infringement] . . . had it been diligently seeking to enforce its mark."[34] A trademark owner "is not required to constantly monitor every nook and cranny of the entire nation and to fire both barrels of its shotgun instantly upon spotting a possible infringer."[35] But plaintiffs have a duty to police their rights and conduct reasonably prudent investigations into potential infringement.[36]

---

[29] *Theodosakis v. Contract Pharmacal Corp.,* 172 F. App'x 772, 773 (9th Cir. 2006).

[30] *See* Nev. Rev. Stat. § 11.190(2); (Dkt. # 130; Dkt. #160.)

[31] *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994) ("Unlike a limitations period, which bars an action strictly by time lapse, laches bars a claim if unreasonable delay causes prejudice to the defendant.").

[32] *Id.*

[33] *Id.*

[34] *Miller v. Glenn Miller Prods., Inc.,* 454 F.3d 975, 980 (9th Cir. 2006) (citations omitted).

[35] *Saul Zaentz Co. v. Wozniak Travel, Inc.,* 627 F. Supp. 2d 1096, 1110-11 (N.D. Cal. 2008) (internal citations omitted).

[36] *Grupo Gigante Sa De CV v. Dallo & Co. Inc.,* 391 F.3d 1088, 1102 (9th Cir.2004) ("Companies expecting judicial enforcement of their marks must conduct an effective policing effort.").

Plaintiffs' arguments for summary judgment focus primarily on whether they had actual knowledge of Jag's infringement.[37] But there are triable issues surrounding when plaintiffs had constructive knowledge of Jag's infringement. Plaintiffs suggest FN Herstal could not have constructive knowledge because it was not in the airsoft market before licensing to Cybergun in 2010. But choosing to not sell in a particular market does not give FN Herstal leave to perpetually ignore notorious marketing and sales of infringing products.[38] As explained by the Ninth Circuit, a plaintiff cannot credibly argue, on the one hand, it had a protectable trademark interest in a defendant's trading area during a certain period, while on the other, it was not obliged to protect that interest during that same period.[39]

While some of Jag's submitted evidence may be inadmissible, the undisputed evidence indicates (1) FN Herstal knew of the airsoft market in 2006 when it negotiated a license with Cybergun, (2) FN Herstal is a well-established, international company with significant resources, and (3) Jag was selling allegedly infringing airsoft replicas as early as 2007.[40] A reasonable jury could find that plaintiffs had constructive knowledge of Jag's activities in the airsoft market. Plaintiffs have failed to address this issue in their moving papers. In any event, there are triable issues as to when plaintiffs knew or should have known of Jag's alleged infringement.

---

[37] (Dkt. #130, at 10-15.)

[38] *Tillamook Country Smoker, Inc. v. Tillamook Cnty. Creamery Ass'n*, 465 F.3d 1102, 1109 (9th Cir. 2006) (rejecting argument that plaintiff had no constructive knowledge because it did not share the same channel of distribution).

[39] *Grupo Gigante SA De CV v. Dallo & Co.,* 391 F.3d 1088, 1110 (9th Cir.2004).

[40] (Dkt. #129-2, at 3; Dkt. #170, at ¶2-6; Dkt. #133-16, at 22-25; Dkt. #133-21, at 8-9.)

## IV. CONCLUSION

IT IS THEREFORE ORDERED that plaintiffs' motion for summary judgment (Dkt. #130) is GRANTED as to defendant's laches defense, but is DENIED as to defendant's statute of limitations defense.

DATED this 19th day of December, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE