J. Stephen Peek, Esq.
Nevada Bar No. 1758
Michael W. Wadley, Esq.
Nevada Bar No. 12119
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
702-669-4600
702-669-4650 – fax
speek@hollandhart.com
mwwadley@hollandhart.com

Brett L. Foster, Esq. *(pro hac admission)*
Richard T. Jackson, Esq. *(pro hac admission)*
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
801-799-5800
801-799-5700 – fax
blfoster@hollandhart.com
rtjackson@hollandhart.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CYBERGUN S.A., a French Corporation, and FN HERSTAL, S.A., a Belgian Corporation, | CASE NO. 2:12-cv-00074-APG-GWF |
| Plaintiffs, | **PERMANENT INJUNCTION** |
| v. | |
| JAG PRECISION, a California Corporation, | |
| Defendant. | |

The Parties' Joint Motion and Stipulation for Entry of Permanent Injunction is before the Court.

On February 1, 2012, the Court entered a preliminary injunction on behalf of Plaintiffs Cybergun S.A. and FN Herstal S.A. ("Cybergun") against Defendant Jag Precision ("Jag") regarding Cybergun's claim of trade dress infringement of the SCAR rifle. Dkt. 26. On October 29, 2012, the Court entered a second preliminary injunction on behalf of Cybergun against Jag

regarding Cybergun's claim of trade dress and trademark infringement of the M249 and P90 rifles and M249 and P90 trademarks. Dkt. 64. This Preliminary Injunction Order was affirmed by the United States Court of Appeals for the Ninth Circuit. *See*, *Cybergun S.A. v. Jag Precision, Inc.*, 533 Fed. Appx. 791, 2013L 3770855 (9th Cir. 2013).

The parties recently engaged in mediation that resulted in settlement of all claims ("Settlement Agreement"). The Settlement Agreement includes a stipulation to the entry of a Permanent Injunction, having the same scope as that of the two preliminary injunctions already entered in this matter relating to the SCAR rifle and the M249 and P90 rifles.

Based upon the foregoing, and based upon the Joint Motion and Stipulation of the Parties, the Court hereby enters the following Permanent Injunction:

**IT IS HEREBY ORDERED** that Defendant Jag Precision, including all officers, directors, principals, agents, servants, employees, successors and assigns are hereby permanently enjoined from making, using, selling, and offering to sell its SCAR replica products, including the Vega Force MK16 products, the Vega Force MK17 products, the Echo 1 ASC products, and the Echo 1 ASC-H products, or any other product that is the substantial equivalent to the above-mentioned replica products in overall design and appearance, regardless of whatever "version" or name Jag may use to sell such products. Except as addressed below, Jag is hereby ordered to (a) immediately and permanently cease all sales of the SCAR replica products; (b) contact its customers and instruct them to permanently stop their sales of the SCAR replica products and return all such products to Defendant; and (c) permanently stop all advertising, including all Internet advertising, that depicts, promotes, or otherwise mentions the SCAR replica products.

**IT IS FURTHER ORDERED** that Defendant Jag Precision, including all officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting, or acting in concert or active participation therewith are permanently enjoined from

making, using, selling, and offering to sell its M249, M249 Para and P90 replica products, including the ECHO1 USA M249 MKII; ECHO1 USA M249 PARA; ECHO1 USA E90, or any other product that is the substantial equivalent to the above-mentioned replica products in overall design and appearance, regardless of whatever "version" or name Jag may use to sell such products, and are further permanently enjoined from any use in the commerce of the trademarks M249, M249 PARA, and E90, or confusingly similar variants thereto, in connection with air soft guns or any other firearm or firearm-derived product.  Except as addressed below, Jag is hereby ordered to (a) immediately and permanently cease all sales of the above-listed replica products; (b) contact its customers and instruct them to permanently stop their sales and return all replica products to Defendant Jag; and (c) permanently stop all advertising, including all Internet advertising, that depicts, promotes, or otherwise mentions the above-listed replica products or the above-listed trademarks.

Notwithstanding the foregoing Permanent Injunction, the parties have agreed that Jag may liquidate its current inventory of SCAR, M249, M249 Para and P90 replica products, which total 1,395 replica products, over a period not to exceed one year after the effective date of the Settlement Agreement ("Allowed Sales").  Such Allowed Sales shall not constitute a violation of this Permanent Injunction.

Dated: March 9, 2015

_____
Honorable Andrew P. Gordon
U.S. District Court Judge

7467593_3.docx